**Mohmmed Enamul Bhuiyan HAQ, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–71478.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 8, 2007.*

Filed Jan. 16, 2007.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*     Fed. R.App. P. 34(a)(2).

Ahmed M. Abdallah, Esq., Hollywood, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Michael P. Lindemann, Esq., Douglas E. Ginsburg, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: ALARCÓN, HALL, and PAEZ, Circuit Judges.

MEMORANDUM **

Mohmmed Enamul Bhuiyan Haq, a native and citizen of Bangladesh, petitions for review of an order of the Board of Immigration Appeals ("BIA") affirming an Immigration Judge's denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

We have jurisdiction pursuant to 8 U.S.C. § 1252. Reviewing for substantial evidence, *Ali v. Ashcroft,* 394 F.3d 780, 784 (9th Cir.2005), we deny the petition for review.

Substantial evidence supports the BIA's finding that Haq does not have a well-founded fear of future persecution because the BIA conducted an individualized analysis of the changed political situation in Bangladesh. *See Gonzalez–Hernandez v. Ashcroft,* 336 F.3d 995, 997–98 (9th Cir. 2003) (holding petitioner's presumed well-

founded fear of future persecution was rebutted by finding that the civil war was over, that the reports indicate that only party leaders faced harassment, and that the report suggested the petitioner's political party no longer exists). We reject as belied by the record Haq's contention that the BIA denied him relief solely based on the false charges and convictions against him.

Because Haq cannot meet the lower standard of eligibility for asylum, he has failed to show that he is entitled to withholding of removal. *See Prasad v. INS,* 47 F.3d 336, 340 (9th Cir.1995).

Substantial evidence supports the BIA's denial of CAT relief because Haq did not establish that it is more likely than not that he will be tortured in Bangladesh. *See El Himri v. Ashcroft,* 378 F.3d 932, 938 (9th Cir.2004).

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provid-

ed by 9th Cir. R. 36–3.